UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HABIBO A. JAMA,

               Plaintiff,

      v.

UNITED STATES OF AMERICA, *et al.*,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. C09-256 RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT

## I. INTRODUCTION

      This matter comes before the Court on Plaintiff's "Motion for Leave to File Second Amended Complaint" (Dkt. #47). Plaintiff is suing seven federal and state officers as well as two municipalities and the United States for constitutional violations arising from a search of her residence. Plaintiff wishes to correct a typographical omission of one individual federal defendant from the claims section of her Amended Complaint, add additional facts regarding this defendant's actions, add an additional cause of action against two individual federal defendants, and make other minor changes. The individual federal defendants object on the grounds that they would be prejudiced by an amendment of the complaint and that the proposed amendment would be futile.

ORDER
PAGE - 1

For the reasons set forth below, the Court agrees with Plaintiff, and GRANTS

Plaintiff's motion.

## II. DISCUSSION

### A. Background

On July 20, 2006, a federal grand jury indicted 18 people for conspiracy to import and

distribute khat[1] in the wake of a Drug Enforcement Agency ("DEA") investigation called

"Operation Somali Express." Abdigafar Ali Hassan, Plaintiff's uncle who "occasionally

stayed" at Plaintiff's house, was one of those indicted. His allegedly criminal activity

provided the basis for a search warrant for Plaintiff's residence, which issued on July 24,

2006. DEA agents and municipal officers executed the warrant on July 26, 2006. Plaintiff

filed this action alleging that her constitutional rights were violated in that search.

According to the Amended Complaint, officers broke into Plaintiff's residence with a

battering ram without waiting an appreciable time after knocking and announcing their

presence, if in fact they did at all. They proceeded into the room with guns drawn and

arrested three male occupants, Plaintiff's relatives. They forced Plaintiff down the stairs,

threw her onto the floor injuring her shoulder, and handcuffed her. Plaintiff was wearing

only a nightshirt. Being a devout Muslim woman whose religion required her to wear a head

scarf, and wearing only a nightshirt,[2] Plaintiff felt naked in front of men who were not her

relatives without appropriate clothing and head covering. She asked the officers to allow her

to retrieve appropriate clothing and explained to them that her religion required her to be

properly dressed in opaque clothing with her head covered in the presence of men who are

not her relatives, but they refused. An officer took photographs of Plaintiff in her nightshirt,

without the clothing required by her religious beliefs. Plaintiff alleges that the search violated

---

[1] Khat is the common name for Catha Edulis, a leafy herb used in the Horn of
Africa and lower Arabian Peninsula. It is consumed by chewing. Freshly
picked khat contains cathinone and cathine, controlled substances under U.S.
law. After 48-72 hours, the cathinone often breaks down into cathine.
[2] The Amended Complaint refers to Plaintiff's clothing alternatively as a
"nightshirt" or "sheer night gown."

ORDER
PAGE - 2

her fourth amendment rights and the officers' refusal to allow her to retrieve proper clothing violated her first amendment right to free exercise of religion.

The Amended Complaint makes allegations against three DEA defendants, Special Agent ("SA") Brooks, SA Smith, and Task Force Officer Hackett (collectively the "Individual Federal Defendants"). It alleges that SA Brooks planned the raid of Plaintiff's residence and filed the affidavit to obtain the search warrant. It also alleges that SA Brooks, negligently, recklessly, or intentionally violated the federal knock and announce rule. However, while Plaintiff made Bivens claims against SA Smith and TFO Hackett, SA Brooks was accidentally omitted from the claims section of the Amended Complaint, so no claim was stated against him. Plaintiff first noticed this error when the Individual Federal Defendants filed a motion to dismiss.

With regard to SA Smith and TFO Hackett, the Amended Complaint alleges that they participated in the search and refused to allow Plaintiff to put on appropriate clothing despite her persistent requests. It alleges that TFO Hackett took photographs of Plaintiff in her nightgown. Count One alleges that TFO Hackett and SA Smith, "in their capacities as actors and supervisors," violated Plaintiff's fourth amendment rights and free exercise rights.

The Individual Federal Defendants filed a motion to dismiss and for summary judgment. Along with her response, Plaintiff filed this Motion for Leave to File a Second Amended Complaint. Plaintiff proposes two major changes and a few minor ones. One minor change was that Plaintiff changed the Complaint to indicate that SA Smith rather than TFO Hackett was the one who took pictures of Plaintiff.

The first major change relates to SA Brooks. First, Plaintiff's Proposed Second Amended Complaint seeks to add SA Brooks to Count One, alleging that he violated Plaintiff's Fourth Amendment rights. Plaintiff states that SA Brooks' omission in the Amended Complaint was a typographical error. Second, Plaintiff wishes to delete SA Brooks' name from a sentence stating: "SA Brooks, SA Smith, TFO Hackett, and other officers involved in planning and executing the July 26, 2008 warrant on the Roxbury residence, negligently, recklessly, or intentionally violated [the federal knock and announce

rule]." This is because Plaintiff subsequently learned that SA Brooks was not present during the search. Defendants do not object to this change. Third, Plaintiff seeks to add a sentence stating that the warrant affidavit that SA Brooks submitted to the magistrate judge was deficient in probable cause and omitted relevant information.

The second major change relates only to SA Smith and TFO Hackett. Plaintiff alleged in the Amended Complaint that these defendants violated her First Amendment rights to free exercise of religion. In the Second Amended Complaint, Plaintiff seeks to add that SA Smith and TFO Hackett also violated the Religious Freedom Restoration Act ("RFRA").

### B. Legal Analysis

The Court should "freely give" leave to amend a complaint "when justice so requires." Fed. R. Civ. Proc. 15(a). The Ninth Circuit has dictated that this rule is to be interpreted with "extreme liberality." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The Court may deny a motion for leave to amend for reasons such as bad faith, undue delay, repeated failure to cure deficiencies in the complaint through previous amendments, undue prejudice to the party opposing amendment, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson*, 902 F.2d at 1387. Prejudice to the opposing party is the most important factor, *Jackson*, 902 F.2d at 1387, but "futility of an amendment alone can justify the denial of a motion." *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1055 (9th Cir. 2009). "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Individual Federal Defendants first argue that leave should not be granted because they would suffer undue prejudice. They note that they have already filed a Motion to Dismiss and Motion for Summary Judgment which they would have to withdraw and refile with added arguments addressing Plaintiff's new claims. This does not amount to substantial prejudice sufficient to overcome the presumption in favor of granting leave to amend. Defendants will

still be able to bring dispositive motions regarding the new Second Amended Complaint. Their opportunity for discovery is not hampered in any way. Nor is this amendment occurring on the eve of trial. Additionally, the large majority of the arguments pertaining to dismissal of claims in the Amended Complaint carry over to the Second Amended Complaint. Any prejudice the Individual Federal Defendants will suffer is small.

It is true, at least in the case of Plaintiff's new RFRA claims, that Plaintiff could have brought these claims much sooner, in the original Complaint or in the Amended Complaint. The facts forming the basis of the RFRA claim are exactly the same facts supporting Plaintiff's free exercise claim. Thus, Defendants argue that this Court should not allow the amendment on the grounds that Plaintiff unjustifiably delayed in making this claim. However, there is no allegation that Plaintiff is acting in bad faith. Furthermore, the Individual Federal Defendants will not be prejudiced by this amendment precisely because the underlying facts are exactly the same as an already existing claim; the free exercise claim and the RFRA claim go hand in hand.

Additionally, the Individual Federal Defendants argue that Plaintiff's amendments are futile. According to them, the "new claim"[3] regarding SA Brooks based on his filing of a warrant affidavit that purportedly lacked probable cause and omitted relevant information, is time barred because the three-year statute of limitations for *Bivens* claims has run. Furthermore, they argue that Plaintiff cannot make a "substantial showing" that SA Brooks acted intentionally or recklessly in omitting facts in his affidavit and cannot establish that the warrant would not have issued without the omission, the two elements required for this claim to succeed. Finally, they argue that the added RFRA claim is futile because RFRA only applies to neutral laws of general applicability and there is no law or regulation at issue here.

The amended claims are not so obviously devoid of merit as to be utterly futile. Nor is it obvious that the claim against SA Brooks is time-barred and does not relate back to the Amended Complaint. This Court thinks those arguments as to the merits are better addressed

---

[3] The Court puts this in quotes because the parties dispute whether the Proposed Second Amended Complaint states a new claim against SA Brooks or merely adds additional facts to an already existing claim.

ORDER
PAGE - 5

in a dispositive motion regarding the Second Amended Complaint where both parties will have adequate opportunity to properly brief the issues. Accordingly, Plaintiff's Motion for Leave to Amend is GRANTED.

**C. Motion to Dismiss and Motion for Summary Judgment by the Individual Federal Defendants**

Many of the issues and claims in the Second Amended Complaint, especially those regarding TFO Hackett and SA Smith, are unchanged from the Amended Complaint. The new issues include the amended claims as to SA Brooks and the added RFRA claims. Rather than deny the Individual Federal Defendants' Motion to Dismiss and Motion for Summary Judgment as moot and require them to refile the motion, it would be more efficient to keep that motion pending and allow supplemental briefing regarding any new issues or claims surfaced by the Second Amended Complaint. The Court, therefore, orders this supplemental briefing schedule:

1. Plaintiff shall file its Second Amended Complaint by Friday October 2, 2009.
2. The Individual Federal Defendants shall file a Supplemental Brief Regarding their Motion to Dismiss and Motion for Summary Judgment by Friday October 16, 2009. The Supplemental Brief shall be no more than 14 pages.
3. Plaintiff shall file a Supplemental Response by Monday November 9, 2009. The Supplemental Response shall be no more than 14 pages.
4. If they wish, the Individual Federal Defendants may file a Supplemental Reply by Friday November 13, 2009. The Supplemental Reply shall be no more than 7 pages.
5. The Individual Federal Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkt. #34) shall be renoted for Friday November 13, 2009.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #47) is GRANTED.

(2) The Individual Federal Defendants' Motion to Dismiss and Motion for Summary Judgment shall be RENOTED for Friday November 13, 2009.

(3) The parties shall file supplemental briefs in accordance with the schedule above.

(4) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 25th day of September, 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE